# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL MECO JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. TDC-18-0951 |

## MEMORANDUM OPINION

Plaintiff Michael Meco Johnson, who is self-represented and currently incarcerated at the Federal Prison Camp in Loretto, Pennsylvania, has filed this civil action against the United States of America, seeking return of jewelry and cars which were administratively forfeited by the United States Drug Enforcement Administration ("DEA"). The Court construes Johnson's filing as a Motion to Set Aside a Declaration of Forfeiture pursuant to 18 U.S.C. § 983(e), which is now pending. Also before the Court is Johnson's Motion for Judgment on the Pleadings and for Summary Judgment, which the Court construes as a reply memorandum in support of the Motion to Set Aside a Declaration of Forfeiture. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be denied.

## BACKGROUND

This case began with a federal drug investigation nearly five years ago. On October 6, 2015, Johnson gave $28,850 in U.S. currency to a confidential source for the purchase of controlled substances. The DEA then recovered these funds from the confidential source. The next day, law

enforcement officers executed a federal search warrant at Johnson's residence on Greenfield Road in Elkridge, Maryland and seized controlled substances, drug paraphernalia, and the following additional property ("the Property"): (1) $98,200 in U.S. currency; (2) 20 items of jewelry with an estimated value of $129,660; (3) a 2000 Mercedes Benz CLK 320 ("the Mercedes"; and (4) a 2010 Chevrolet Corvette ("the Corvette"). Johnson was arrested and charged by the State of Maryland on October 8, 2015 with possession with intent to distribute controlled substances and was released on bond.

The Property was accepted by the DEA for administrative forfeiture proceedings. For all such items, the DEA published a notice of the seizure and the administrative forfeiture proceedings on an official government forfeiture website for 30 consecutive days and mailed notice by certified mail to the known potential claimants, including, but not limited to, Johnson. For all items of Property, notice was mailed to Johnson on December 2, 2015 at three addresses: (1) the Elkridge, Maryland at which the search warrant had been executed; (2) an address on D Street, S.E., in Washington, D.C.; and (3) the office of Matthews, Owens and Associates, LLC in Columbia, Maryland, which is the law office of attorney Jennifer Lynn Matthews, who represented Johnson in his state criminal case at the time. In each instance, the mailing to the Maryland address was returned as undeliverable, the mailing to the Washington, D.C. address was signed for by "Katrina Johnson," and the mailing to Jennifer Matthews was signed for by "J. Owens."

For the Mercedes, the DEA also mailed notices to Ebony Patrice Patterson, the primary leaseholder, at an address in Temple Hills, Maryland, and to Rhonda Lenette Kennedy, the registered owner, at an address in Upper Marlboro, Maryland. The signatures on the certified mail receipts appear to be those of Patterson and Kennedy. For the Corvette, the DEA also mailed a notice to Patterson at the Temple Hills address, and Patterson signed the certified mail receipt.

The DEA did not receive any claims for any of the items of Property before the deadline of February 12, 2016, so all items were administratively forfeited to the Government pursuant to 18 U.S.C. § 1609. The jewelry and cars were then sold by the United States Marshals Service, with the Mercedes sold on August 1, 2016, the Corvette sold on December 12, 2016, and the last items of jewelry sold on January 31, 2017.

On February 1, 2016, shortly before the expiration of the claims period for the Property, a federal grand jury indicted Johnson for possession with intent to distribute controlled substances. The Indictment also contained a forfeiture allegation for the $98,200 in U.S. currency and the jewelry seized from Johnson's residence on October 7, 2015, but not for the cars seized that same day or the $28,850 recovered from the confidential source on October 6, 2015. Johnson made his initial appearance in federal court on April 13, 2016, at which point he was ordered detained. He remained detained from April 13, 2016 until he was released on conditions on May 24, 2016. On July 18, 2016, Johnson pleaded guilty to possession with intent to distribute controlled substances. On November 16, 2016, prior to his sentencing, Johnson requested that new counsel be appointed. On November 22, 2016, the Court (Connelly, M.J.) held an attorney inquiry hearing, during which it relieved Matthews as counsel and appointed the Federal Public Defender as new counsel for Johnson.

At the sentencing hearing on April 5, 2017, the Court learned for the first time that the jewelry, as well as the two vehicles that, according to Johnson, belonged to other individuals, had previously been forfeited and sold, even though the Court had not yet signed the proposed criminal forfeiture order relating to the currency and jewelry. The Court ordered the Government to file supplemental materials explaining the process and authority under which the jewelry was forfeited. Based upon the materials submitted by the Government, the Court found that the DEA had seized

the currency, jewelry, and vehicles pursuant to the nonjudicial administrative forfeiture process detailed above. *See* 18 U.S.C. § 983; 19 U.S.C. §§ 1602-1619 (2012); 21 U.S.C. § 881 (2012) (applying the Title 19 customs forfeiture process to Title 21 drug cases). Thus, while the Indictment included a criminal forfeiture allegation relating to the cash and jewelry pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), the Government actually used the administrative forfeiture process rather than the criminal forfeiture process to gain title to the currency, jewelry and vehicles. In light of this finding, the Court held that Johnson's challenge to the administrative forfeitures could not proceed in his criminal case. Johnson was sentenced to a term of imprisonment of 48 months.

On April 2, 2018, while serving his sentence, Johnson filed a motion in his criminal case requesting that the Government provide an accounting of the items seized pursuant to the administrative forfeiture process, which the Court opened as this civil action and now construes as a Motion to Set Aside a Declaration of Administrative Forfeiture pursuant to 18 U.S.C. § 983(e). That same day, Johnson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") on the basis of Matthews's alleged ineffective assistance of counsel, which the Court denied on January 18, 2019. *See Johnson v. United States*, No. TDC-16-0030, 2019 WL 266210, at *8 (D. Md. Jan. 18, 2019).

## DISCUSSION

In his Motion, Johnson alleges that the administrative forfeiture of the currency, jewelry, and cars without an order of the Court violated his due process rights. He states that the Government's notice was improper because he did not receive the certified mail regarding the forfeiture. He also argues that neither the cars nor the jewelry were involved in any illegal activity or purchased with money obtained through drug sales. Finally, he argues that Matthews failed to

provide adequate representation in the forfeiture proceeding because she promised to file claims for the seized items on his behalf, but failed to do so. In response, the Government contends that the notice provided by the DEA of the administrative forfeiture satisfied due process requirements and that to the extent that Johnson seeks to challenge the merits of the forfeiture, he is barred from doing so.

I.  **Legal Standard**

"Any person entitled to written notice in any nonjudicial civil forfeiture proceeding who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." 18 U.S.C. § 983(e)(1). The Court must grant the motion if "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." *Id.* In the context of administrative forfeiture proceedings, notice "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.'" *United States v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Actual notice is not required; rather, the Government can defend "the constitutional validity of any chosen method . . . on the ground that it is in itself reasonably certain to inform those affected." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950); *see also Dusenbery v. United States*, 534 U.S. 161, 170, 172-73 (2002).

If an individual seeks to contest the merits of an administrative forfeiture, the exclusive means for doing so is by filing a claim with the federal agency within the claims period as detailed in 18 U.S.C. § 983(a). If a claim is timely filed, the administrative proceedings terminate, and the agency must file a complaint for judicial forfeiture in the district court within 90 days or return the

seized property. 18 U.S.C. § 983(a)(3). If no claim is filed, a district court may review the administrative forfeiture for compliance with due process requirements, as detailed above, but lacks jurisdiction to review the merits of the forfeiture. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 475-76 (4th Cir. 1997) (holding that "once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction . . . [and] remains without jurisdiction during the pendency of the proceeding unless the claimant timely files a claim"); *Longenette v. Krusing*, 322 F.3d 758, 761 n.4 (3d Cir. 2003) (stating that "[i]f an individual fails to contest an administrative forfeiture, he loses all recourse for judicial review of the administrative proceeding's merits).

## II. Merits

Johnson argues that neither the cars nor the jewelry were involved in any illegal activity or purchased with money procured through drug sales. He states that the jewelry seized by the Government consisted of sentimental gifts from family and items he bought for himself through his 25 years of legal employment, including owning his own hair salon. He also asserts that the cars were owned by Patterson and Kennedy, who had nothing to do with his criminal case. Although both the fact that the vehicles were owned by uncharged individuals and the fact that that Government's case did not rely on any evidence of drugs found in the vehicles may raise questions about the propriety of their forfeiture, these arguments go to the merits of whether the administrative forfeiture was proper. Because it is undisputed that Johnson failed to file a timely claim with the DEA, the Court lacks jurisdiction to review them. *See Ibarra*, 120 F.3d at 475-76. Accordingly, the Court may not set aside the forfeiture on these grounds and makes no finding regarding the connection of the forfeited items to Johnson's criminal activity or the propriety of the DEA's determination that these items were subject to forfeiture.
6

## III. Notice

In Johnson's Motion to Set Aside a Declaration of Forfeiture, he does not appear to contest the adequacy of the DEA's notice. However, in his reply memorandum, Johnson states that the notice was constitutionally deficient because he did not receive the certified mail announcing the administrative forfeiture. This assertion, however, is contradicted by Johnson's June 15, 2017 letter to the Attorney Grievance Commission of Maryland, attached to Johnson's Reply, in which he wrote, "The Department of Justice mailed notices to Ms. Kennedy, Ms. Patterson and myself [i]n December 2015. I immediately contacted Ms. Matthews to find out what I should . . . do with the Forfeiture Notices and I also asked her should Ms. Patterson and Ms. Kennedy obtain an attorney regarding the return of their cars[.]" 6/15/17 Ltr. at 3, ECF No. 10-1. This statement, written closer in time to the date when Johnson would have received the notices of forfeiture, effectively concedes that Johnson received the notices sent to him by certified mail in December 2015. Indeed, the majority of Johnson's letter to the Attorney Grievance Commission and a significant portion of both his Motion and Reply rely on the premise that Johnson received the notices, conferred with Matthews about them, and then relied on Matthews's representation that she would file a claim on his behalf, which she failed to do. Thus, Johnson's own filings establish that he actually received the notices of forfeiture.

Even if Johnson did not receive the mailed notices, actual notice is not required in the administrative forfeiture context, as long as the DEA's actions were "reasonably calculated to apprise [Johnson] of the pendency of the action." *Dusenbery*, 534 U.S. at 170 (quoting *Mullane*, 339 U.S. at 314). "Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice." *Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005); *see also Dusenbery*, 534 U.S.

7

at 169-70; *Mullane*, 339 U.S. at 318-19. However, if a mailed notice is returned unclaimed, the Government must take additional reasonable steps to attempt to provide notice prior to issuing a declaration of forfeiture, if it is practicable to do so. *See Jones v. Flowers*, 547 U.S. 220, 225 (2006) (addressing notice requirements in the analogous tax sale context).

In this case, the DEA posted notice of the administrative forfeiture proceedings on a government website for 30 consecutive days in accordance with 28 C.F.R. § 8.9(a). *See* 19 U.S.C. § 1607(a) (directing notice to be published for at least three successive weeks as directed by the agency head); 21 U.S.C. § 881(d) (applying Title 19 customs forfeiture process to Title 21 drug cases). Within 60 days of the seizures, the DEA also sent written notices to Johnson at three addressees, including to his attorney, in accordance with 28 C.F.R. § 8.9(b). *See* 18 U.S.C. § 983(a)(1)(A)(i); 19 U.S.C. § 1607(a). Although all notices sent to one of the three addresses were returned unclaimed, all the other notices were successfully delivered. The individual who signed for the notices at Johnson's Washington, D.C. address had the same last name as Johnson, providing no reason for the DEA to believe that it had the wrong address or that its notice would not reach Johnson, as Johnson was not incarcerated at the time the notices were mailed. It also appears that the individual at Matthews, Owens, and Associates who signed for the notices with the name "J. Owens" was a law partner Johnson's attorney, Jennifer Matthews, again supporting the conclusion that the notice had been delivered to the proper address and was "reasonably calculated" to be delivered to Johnson and apprise him of the administrative forfeiture. *Dusenbery*, 534 U.S. at 168. Under these circumstances, the Government's notice complied with the constitutional due process requirements. The Court therefore has no basis to set aside the administrative forfeiture. *See id.*; 18 U.S.C. § 983(e).

The Court understands that Johnson genuinely believes that the forfeiture of the jewelry and cars was unjust. However, based on his own account, the responsibility for the uncontested loss of the Property would rest primarily with his counsel, not the Government. Johnson asserts that after he received notices of the administrative forfeiture and discussed them with Matthews, she asked him, Patterson, and Kennedy to submit documentation of ownership of the cars and jewelry, which they did, and then assured Johnson that she would file claims on his behalf, but she failed to do so. Filing a claim to preserve Johnson's rights in the administrative forfeiture proceeding would have required minimal effort on Matthews's part. *See* 18 U.S.C. § 983(a)(2)(C) & (D). Although Johnson alleges that Matthews was supposed to seek the return of the Property as part of plea negotiations, no such agreement was reached and included in the plea agreement. If Johnson's allegations are true, then it would be his attorney, not the Government, who was responsible for the loss of an opportunity to contest the forfeiture of items of significant financial and sentimental value. The Court understands that Johnson has separately filed a complaint with the Attorney Grievance Commission of Maryland.

To the extent that Johnson questions why the law permits administrative forfeiture based only on a failure to object, without any judicial process, such a system has justifiably been subject to criticism. Although "[m]odern civil forfeiture statutes are plainly designed, at least in part, to punish the owner of property used for criminal purposes," civil forfeiture can "enable the government to seize property without any predeprivation judicial process and to obtain forfeiture of the property even when the owner is personally innocent" or without "procedural protections that accompany criminal proceedings." *Leonard v. Texas*, 137 S. Ct. 847, 847-48 (2017) (Thomas, J., concurring in the denial of a writ of certiorari). Indeed, systems that allow law enforcement to "seize property with limited judicial oversight and retain it for their own use" have "led to

egregious and well-chronicled abuses." *Id.* at 848. Courts are beginning to validate concerns about civil forfeiture. *See Timbs v. Indiana*, 139 S. Ct. 682, 686, 690-91 (2019) (holding, in a case in which local police had forfeited a criminal defendant's Land Rover SUV valued at more than four times the maximum monetary fine of $10,000, that the Excessive Fines Clause of the Eighth Amendment applies to civil forfeitures effected by the states). At this point, however, the regime that allows law enforcement to seize property pursuant to a search warrant and administratively forfeit it without judicial oversight or a finding of guilt, simply because of a failure to respond to a notice of forfeiture, remains lawful, if not just. *See* 18 U.S.C. § 983. This remains true even in cases, as here, where the property was forfeited even before the defendant pleaded guilty. Thus, while the Court understands Johnson's frustration with the loss of the Property without a judicial proceeding to contest whether it was subject to forfeiture, the Court must deny Johnson's Motion.

## CONCLUSION

For the foregoing reasons, Johnson's Motion to Set Aside the Declaration of Administrative Forfeiture will be DENIED. A separate Order shall issue.

Date: April 30, 2019

THEODORE D. CHUANG
United States District Judge